IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION C. STARKS,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. SEAGER, et al.,<br><br>    Defendants.<br>_____ | No. C 08-5400 MMC (PR)<br><br>**ORDER OF DISMISSAL; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket Nos. 2 & 4)** |

On December 2, 2008, plaintiff, a California prisoner incarcerated at the Santa Rita County Jail and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Together with his complaint, plaintiff filed an incomplete application to proceed in forma pauperis ("IFP"). That same date, the Court notified plaintiff in writing that the action was deficient due to plaintiff's failure to pay the requisite filing fee or, instead, to submit a completed court-approved IFP application. Specifically, in said notice, plaintiff was advised that he must submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the jail, and must attach a copy of his prisoner trust account statement showing transactions for the last six months. Plaintiff was further advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, plaintiff was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope.

On December 9, 2008, plaintiff filed a new IFP application. As with the first IFP

application, however, plaintiff has not submitted a Certificate of Funds in Prisoner's Account or a copy of his prisoner trust account statement. Instead, plaintiff has attached to the IFP application a note stating that the jail will forward the requisite documents, and asking the Court to contact the jail to make sure the documents have been sent.

More than thirty days have passed since the deficiency notice was sent to plaintiff and the requisite documents have not been received by the Court. Moreover, as plaintiff alone is responsible for complying with the noted IFP requirements, the Court will not contact the jail on plaintiff's behalf. Accordingly, as plaintiff has not filed a completed IFP application or paid the filing fee, the above-titled action is hereby DISMISSED without prejudice. Additionally, the incomplete application to proceed IFP is hereby DENIED and no fee is due.

This order terminates Docket Nos. 2 and 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 20, 2009

MAXINE M. CHESNEY
United States District Judge